

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IMCO GENERAL CONSTRUCTION, <br><br> PLAINTIFF, <br><br> vs. <br><br> DCK PACIFIC GUAM LLC, PERNIX GUAM LLC, and GUAM HEALTHCARE DEVELOPMENT, INC., dba GUAM REGIONAL MEDICAL CITY, <br><br> DEFENDANTS. | CIVIL CASE NO.: CV1168-15 <br><br> **DECISION AND ORDER** <br> (Re: Plaintiff's Motion to Lift Stay and For Leave to Amend Complaint) |

## INTRODUCTION

This matter came before the honorable Anita A. Sukola on November 9, 2017 on IMCO General Construction's ("Plaintiff") Motion to Lift Stay and For Leave to Amend Complaint. Attorney Anita P. Arriola appeared on behalf of the Plaintiff. Attorney Joyce C.H. Tang appeared on behalf of Defendant Guam Healthcare Development Inc., dba Guam Regional Medical City ("GRMC"). Attorney Gerry E. Diaz appeared on behalf of Pernix Guam LLC ("Pernix"). Upon review of the written and oral arguments; legal authorities presented by the Parties; and for the reasons set out herein, the Court hereby **GRANTS** Plaintiff's Motion to Lift Stay and For Leave to Amend Complaint.

///



## BACKGROUND

The factual background of this matter was previously laid out by the Court in its July 1, 2016 Decision and Order on Defendant DCK Pacific Guam LLC's Motions to Stay Pending Arbitration and to Stay Cross-Complaint Pending Arbitration. However, the facts necessary to the dispose of the instant Motion are as follows. Plaintiff is a Washington corporation registered in Guam as a foreign corporation. Compl. ¶¶ 1-2. Pernix is the successor in interest to Defendant DCK Pacific Guam LLC ("DCK"). Id. at ¶¶ 3-4. GRMC is a Guam Corporation. Compl. ¶ 5; Def. GRMC's Answer & Crossclaims ¶ 5.

GRMC is the owner of several lots of land in Dededo, Guam,[1] hereinafter collectively the "property". Compl. ¶ 6. On or about July 28, 2011, GRMC entered into a contract ("CM Agreement") with DCK which provided that DCK would serve as construction manager for the construction of the Guam Regional Medical City on the property. Pl's Mot. Lift Stay and For Leave Amend Compl. 2. On or about February 17, 2012, DCK entered into a subcontract agreement with the Plaintiff, wherein the Plaintiff agreed to "furnish labor, services, equipment and materials for a work of improvement on the Property, namely, certain construction and civil works necessary to improve GRMC." Compl. ¶¶ 8-9. Plaintiff began work in March of 2012. Id. at ¶ 10. Plaintiff alleges that while DCK paid certain amounts to Plaintiff for work under the subcontract, DCK failed and refused to pay the remainder amount due to IMCO, and at the time of the Complaint the amount due and owing was $2,135,927.20. Id. at ¶ 11.

Plaintiff subsequently brought suit alleging four causes of action. The First Cause of Action is for breach of contract against DCK and Pernix. Compl. ¶¶ 15-19. The Second Cause of Action is to recover in *Quantum Meruit* and *Quantum Valebant* against DCK and Pernix. Id. at ¶¶ 20-23. The Third Cause of Action is for account stated against DCK and Pernix. Id. at ¶¶ 24-26. The Fourth Cause of Action is for foreclosure of a Mechanic Lien recorded on the property. Id. at ¶¶ 27-31.

---

[1] The Complaint alleges at Paragraph 6, and Defendant GRMC's answer confirms that Defendant GRMC owns the following lots (identified by number): 5009-2-9R/W, 5009-2-10, 5009-2-15, and 5009-2-16, all of which are located in the municipality of Dededo.

CV1168-15 IMCO General Construction v. DCK Pacific Guam LLC, *et al.*
DECISION AND ORDER (re: Pl's Mot. Lift Stay and For Leave Amend Compl.)

Page **2** of **13**

After the action was initiated, GRMC cross-claimed against Pernix and DCK asserting that under the terms of the CM Agreement, DCK was required to hold GRMC harmless for any loss or liability arising from a subcontractor dispute. Def. GRMC's Answer & Crossclaim 7. Subsequently on February 5, 2016, DCK filed a Motion to Stay Pending Arbitration and on February 29, 2016 filed a Motion to Stay the Cross-Complaint Pending Arbitration. After that motion was fully briefed, this Court heard oral arguments on both motions on April 14, 2016 and May 12, 2016. On July 1, 2016, this Court granted both motions in a written Decision and Order staying both the cross-complaint and the matter itself, pending the outcome of DCK and Plaintiff's arbitration. In the Decision and Order, the Court found that three out of the four claims in the Complaint were subject to arbitration and the fourth claim, for foreclosure of the mechanic's lien, would depend on the amount determined at arbitration. The Court thus found the entire matter should be stayed. See Decision and Order 8 (July 1, 2016). The Court further found that because the mechanic's lien claim depended on the outcome of arbitration, IMCO's Crossclaim for indemnification also depended on the arbitration outcome and thus also granted the motion to stay the Crossclaim. Id. at 8-9.

Subsequently, on September 12, 2016, Plaintiff and DCK, pursuant to the subcontract agreement, engaged in arbitration proceedings in Hawaii. The arbitration resulted in a Stipulated Arbitration Award of $1,681,392.00, and attorney's fees and costs of $45,000.00, in favor of the Plaintiff entered on June 29, 2017. T. Pike Decl. in Supp. Mot. Lift Stay and For Leave Amend Compl. Ex. A. at 1-2 (July 25, 2017). On June 28, 2017 the Plaintiff and DCK also entered into a 'Severin Agreement,' in which DCK agreed to assign to IMCO and pass-through to GRMC DCK's rights to pursue such claims directly against GRMC.[2] Id. at Ex B, at 1-4.

---

[2] The Severin Agreement provides in relevant part:

"1. To the extent and in the amount of IMCO's claims and the Arbitration Award, DCK hereby assigns to IMCO and agrees to pass-through to GRMC DCK's rights to pursue such claims directly against GRMC ...
5. Except as provided in Paragraph 6 below, IMCO will be entitled to receive for its claims only such amounts as are received by IMCO from GRMC on IMCO's lien claim and IMCO's pass-through claims against GRMC. IMCO is entitled to retain all such recovered amounts.

On July 25, 2017, Plaintiff filed the instant Motion to Lift Stay and For Leave to Amend Complaint. The Proposed Amended Complaint seeks to add a new cause of action and the amount of the Stipulated Arbitration Award.[3] On September 1, 2017, GRMC filed an Opposition to the Motion. On September 22, 2017, Plaintiff filed a Reply to the Opposition. The Court heard oral arguments and took the Motion under advisement on November 9, 2017.

## DISCUSSION

The Court notes at the outset that Plaintiff's Motion seeks three actions on the part of the Court. First, Plaintiff requests this Court lift the stay entered in the July 1, 2016 Decision and Order. Mot. Lift Stay and For Leave Amend Compl. 1 (July 25, 2017). Second, Plaintiff requests

6. If and to the extent IMCO does not fully recover from GRMC the full amount of its Arbitration Award, IMCO shall be entitled to participate in any proceeding (including settlement discussions, negotiations, mediation and/or prosecution of claims in the Action) between DCK and GRMC, and IMCO shall be entitled to the following:

   a.  One Half (50%) of any monetary recovery DCK makes against GRMC (until IMCO's claim and the Arbitration Award are fully paid) in an unsegregated award/judgment/settlement scenario; or

   b.  100% of any award/judgment/settlement where IMCO's claim is segregated from other amounts not related to IMCO's claims.

For purposes of this paragraph 6, and only to the extent, in the amount, and related to, IMCO's claims and the Arbitration Award, DCK assigns to IMCO its rights under the Contract and otherwise at law and in equity to pursue GRMC directly and to receive the amounts provided herein from GRMC (rather than such amounts being paid through DCK). DCK agrees that GRMC may rely on this Agreement in engaging in negotiations directly with IMCO and in paying IMCO directly."

T. Pike Declaration in Supp. Mot. Lift Stay and For Leave Amend Compl. Ex B. at 1-4 (July 25, 2017).

[3] The new Cause of Action reads, in relevant part:

"... (Recovery of Assigned and Pass-Through Claims Against GRMC)

... IMCO and DCK also entered into a Severin Agreement for Pursuit of Claims in which the parties agreed that to the extent and in the amount of IMCO's claims and the Arbitration Award, DCK assigned to IMCO and agreed to pass-through to GRMC DCK's rights to pursue such claims directly against GRMC ...

GRMC is liable to DCK under the terms of the CM Contract for IMCO's claims against DCK. The Severin Agreement provides for IMCO's pass-through of amounts recoverable by DCK directly against GRMC. GRMC is liable for the total amount of $1,762,392.00 plus any pass through claims in an amount to be determined at trial.

Pl's Mot. Lift Stay and For Leave to Amend Compl. Ex. 1, at 6 (July 25, 2017).

leave to amend the Complaint to add the amount of the Stipulated Arbitration Award entered on June 29, 2017.Id. Finally, Plaintiff seeks to amend the Complaint to add the assigned and pass-through claims against GRMC. Id. The Court further notes that in the Opposition, GRMC expressly states that "GRMC does not oppose lifting the stay now that the arbitration between DCK and Plaintiff has completed." GRMC's Opp'n 3 (Sept. 1, 2017). Therefore, the Court hereby **GRANTS** the first request, to lift the stay entered on July 1, 2016. The stay entered in the Courts July 1, 2016 Decision and Order is hereby lifted as of the date of this Decision and Order.

Second, in the July 1, 2016 Decision and Order, the Court expressly stated that the mechanic's lien claim in Plaintiff's Fourth Cause of Action in the Complaint depended on the amount reached in arbitration between the Plaintiff and DCK. Thus, the arbitration having concluded on June 29, 2017, the Court hereby **GRANTS** Plaintiff's motion insofar as it requests leave to add the amount of the Stipulated Arbitration Award.

Finally, GRMC opposes the Motion for Leave to Amend insofar as it relates to the request to amend the complaint to add the new Pass-Through Claim against GRMC. GRMC's Opp'n 3 (Sept. 1, 2017). Thus the Court is confronted with the issue of whether to grant Plaintiff's request for leave to amend as it relates to the Pass-Through Claim against GRMC.

Rule 15(a) of the Guam Rules of Civil Procedure ("GRCP"), in relevant part, provides ". . . a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Guam R. Civ. P. 15(a) (2014). The Supreme Court of Guam has held that the factors laid out in, Foman v. Davis, 371 U.S. 178 (1962), guide courts in Guam when deciding whether to grant leave to amend under Rule 15. See Arashi & Co., Inc., v. Nakashima Enterprises, Inc., 2005 Guam 21 ¶ 16. Additionally, because the language of Rule 15 of the Federal Rules of Civil Procedure ("FRCP") is similar to the language in Rule 15 of the GRCP, "[f]ederal interpretation of FRCP 15 is persuasive when interpreting . . . GRCP 15." M Electric Corporation v. Phil-Gets (Guam) Int'l Trading Corp., 2016 Guam 35 ¶ 40 (citing Sumitomo Constr. Co. v. Zhang Ye, Inc., 1997 Guam 8 ¶ 17 (reasoning "[g]enerally when a legislature adopts a statute which is identical to one in effect in another jurisdiction, it is

presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction.")).

In Foman, the U.S. Supreme Court held,

". . . in the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., - the leave sought should, as the rules require, be 'freely given.'"

Foman, 372 U.S. at 182.

The Foman court also made clear that the FRCP ". . . accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." (citing Conley v. Gibson, 355 U.S. 41, 48 (1957), *abrogated by* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (internal quotations omitted)). The Federal Ninth Circuit Court of Appeals has expounded on the policy undergirding Rule 15, reasoning the 'leave shall be freely given when justice so requires' policy is to be "applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal citations and quotations omitted).

In determining whether leave to amend should be granted, courts construe "all inferences in favor of granting the motion." Griggs v. Pace Am. Grp., Inc., 170 F.3d 877, 880 (9th Cir. 1999). However, the Ninth Circuit has also acknowledged that not all courts apply the factors equally. Eminence Capital, LLC, 316 F.3d at 1052 (reasoning it is the ". . . the consideration of prejudice to the opposing party that carries the greatest weight."). The Ninth Circuit has gone even further, holding "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

The Guam Supreme Court has not indicated whether Guam Courts should grant the factors equal weight or follow the Ninth Circuit application which weighs the prejudice factor the heaviest in the Rule 15 inquiry. Here however, GRMC invokes the prejudice and futility factors in opposition to the Motion for Leave to Amend. Thus the Court will address the

prejudice and futility arguments raised by GRMC independently herein to determine whether the requested leave to amend should be granted.

**a. Undue Prejudice to the Opposing Party by Virtue of Allowance of the Amendment.**

GRMC raises several prejudice-related arguments[4] in opposition to the Motion for Leave to Amend insofar as it relates to the request to add the Pass-Through Claim. First, GRMC argues that the Court should deny leave to amend because "the Guam Supreme Court has not recognized pass-through claims, and such claims should not be recognized under the facts of this case." Def. GRMC's Opp'n 5 (Sept. 1, 2017). GRMC further argues that "Guam law mandates that to sue on a contract the plaintiff must have privity with the defendant" which is lacking here. Id. GRMC further argues that "by allowing IMCO to assert DCK's rights to sue GRMC under the CM Agreement, GRMC will be forced to assert both set-off defenses against IMCO to defeat any liability claimed through DCK, as well as cross-claims against DCK for breach of the CM agreement and indemnity." Id. at 6. GRMC also argues that if the pass through claim is allowed, "GRMC would be forced to litigate its claims against DCK on two fronts – in the arbitration and in this court action . . . ." Id. at 7. Lastly, GRMC argues that it is entitled to attorney's fees under the CM Agreement however the Severin Agreement immunizes "IMCO from any liability whether under the contract or otherwise." Id. at 8.

Courts have held 'prejudice' to the non-movant, in the context of a motion to amend, means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." Wizards of the Coast LLC v. Cryptozoic Entertainment LLC, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing Deaknye v. Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir. 1969). The Party opposing amendment "bears the burden of showing prejudice." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

---

[4] The Court notes these arguments appear under the heading "Recognizing the Proposed Pass-Through Claim Would Result in Confusion of the Issues and More Litigation." GRMC's Opp'n 4. As discussed herein, Foman is the controlling authority on analyzing whether a court should grant leave to amend a pleading. Thus the Court construes the arguments under this heading as arguments under the 'undue prejudice to the opposing party by virtue of allowance of the amendment' factor, as the arguments raised are not clearly made under any other factor.

A court may deny leave to amend where the new claims would greatly alter the course of litigation and where the motion to amend was brought after a two-year delay. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (reasoning the amended complaint would have required an entirely new defense at a late stage in the litigation and thus impermissibly prejudiced the Defendant). A court may similarly deny leave to amend where the motion for leave to amend is filed after a long period has elapsed since the initial pleading was filed, where the parties have already completed discovery, and where trial is imminent. Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 798-99 (9th Cir. 1991) (affirming denial of motion for leave to amend where the motion was brought more than a year after the initial complaint was filed, and where discovery had concluded and only four months remained before trial); see also Kaplan v. Rose, 49 F.3d 1963, 1370 (9th Cir. 1991) (affirming a trial court's denial of leave to amend where the parties had already engaged in and completed 'voluminous and protracted discovery,' where the Complaint had already been amended twice, where trial was only two months away, and where the basis for the amendment was known to the moving party since the beginning of litigation) *overruled on other grounds by* City of Dearborn Heights Act 345 Police and Fire Retirement System, v. Aligh Technology Inc., 856 F.3d 605 (9th Cir. 2017).

The authorities cited above make clear that courts that have found prejudice to the non-movant reason that such prejudice existed because the parties had already prepared for litigation with the un-amended pleadings in mind. Thus, allowing amendment would have altered the nature of the litigation, requiring more and/or new discovery because of the requested amendments. Finally, the courts reasoned prejudice existed because the amendments occurred late enough during the proceedings that the non-movant would be adversely affected due to the imminence of trial.

None of the type of facts contemplated by Courts that have found prejudice are apparent in the prejudice-related arguments raised by GRMC. On the first argument that the Court should deny leave to amend because the Guam Supreme Court has not recognized pass-through claims and the second argument that Plaintiff lacks the required privity to bring the action, the Court

finds that the pass through claim has been overwhelmingly embraced by jurisdictions who have considered whether to recognize such claims. See Intrastate Contracting Corp. v. City of Dallas, 135 S.W. 3d 605, 613-14 (Tex. 2004) (reasoning "[o]f the nineteen states that have addressed [pass through claims] in published opinions, eighteen treat pass-through claims favorably, and only Connecticut explicitly rejects them).

The benefit of recognizing pass through claims, as discussed in Intrastate Contracting Corp., and further in, Morse/Diesel, Inc, v. Trinity Indus., Inc., 875 F Supp 165 (S.D.N.Y. 1994), cited infra, are sufficient for this Court to allow the claims here. Allowing pass-through claims consolidates what might otherwise be two actions into one. Additionally, the harsh effect of a lack of privity in these types of subcontractor-contractor-owner disputes in the construction industry can be dispensed with where the parties do not dispute that work was done and benefits received. The Court finds there is no prejudice apparent from the Court's recognition of the pass through claim here because GRMC still has the opportunity to defeat the claim on the merits.

The Court further finds GRMC's other argument that GRMC will be forced to assert both set-off defenses against IMCO to defeat any liability claimed through DCK, as well as cross-claims against DCK for breach of the CM agreement and indemnity is similarly unconvincing. Again, this is not the type of prejudice contemplated by courts that have addressed prejudice under the Foman factors as cited above. This matter has been stayed and no discovery has taken place. Trial is not imminent, and while the litigation may be altered somewhat, GRMC has been on notice of the basis of the Plaintiff's claims via the mechanic's lien and attempt to foreclose the same. The Court agrees with Plaintiff that all this argument seems to indicate is that GRMC may have to litigate both the claims against it and its crossclaims on the merits. Even without the pass through claim, GRMC would need to litigate the cross claims and potentially would have set-off defenses. Thus, there does not appear to be prejudice of the type contemplated by the Foman factors, which are some type of delay, a significant change in the nature of trial, or prejudice due to the imminence of trial and already conducted discovery.

Finally, as to the arguments related to potential arbitration and attorney's fees under the CM Agreement, the Court finds again, these arguments are not the type of prejudice-related arguments contemplated by <u>Foman</u> and its progeny. This matter has already been stayed pending arbitration and should GRMC feel that the required arbitration under the CM Agreement is necessary before this litigation can proceed, nothing, and certainly not the addition of the pass through claim, precludes GRMC from similarly moving to stay these proceedings while such claims are arbitrated. Regarding the Attorney's fees, the prayer for relief in GRMC's Cross-claim at ¶ 6 already seeks attorney's fees from DCK and is no longer stayed as a result of this Decision and Order. Thus nothing precludes GRMC from pursuing attorney's fees as called for under the CM Agreement. GRMC is not a party to the Severin Agreement, thus it is unclear to the Court how said agreement or allowance of the requested amendment affects GRMC's rights to enforce provisions of the CM Agreement against DCK and/or Pernix.

**b. Futility of Amendment.**

Finally in opposition to granting leave to amend, GRMC argues the Proposed Amended Complaint does not state a claim for which relief can be granted and therefore would be futile. Courts addressing the <u>Foman</u> futility factor have made clear that "[w]here the underlying facts or circumstances of a case may be the proper subject of relief, a plaintiff ought to be afforded an opportunity to test his claims on the merits. <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 188 (9th Cir. 1987) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (quotations omitted)). In analyzing the futility factor, the Ninth Circuit has held leave to amend should be granted unless the party moving to amend could "prove no set of facts in support of their claims which would entitle them to relief." <u>DCD Programs, Ltd.</u>, 833 F.2d at 188 (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). Stated differently, "[a] proposed amendment is futile if no set of facts can be proved under the amendment which would constitute a valid claim." <u>Lockheed Martin Corp. v. Network Solutions, Inc.</u>, 175 F.R.D. 640, 645 (C.D. Cal. 1997) (citing <u>Miller v. rykoff-Sexton, Inc.</u>, 845 F.2d 209, 214 (9th Cir. 1988).

The language used to determine futility tracks the language employed by the Supreme Court of Guam in addressing a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the GRCP because futility is assessed. See Lujan v. J.L.H. Trust, 2016 Guam 24 ¶ 12 (citing Conley v. Gibson, 355 U.S. 42, 45-46 (1957)) (holding dismissal under rule 12(b)(6) is appropriate when it appears "beyond doubt that the plaintiff could prove *no set of facts* in support of his claim which would entitle him to relief." (*emphasis added*)). The Court has made clear that Guam law "requires only notice pleading, not fact pleading." Ukau v. Wang, 2016 Guam 26 ¶ 21 (citing Joseph v. Guam Bd. of Allied Health Examers, 2015 Guam 4 ¶ 9)). In applying the 12(b)(6) standard, the court must "take as true the material facts alleged in the [pleading], construe the pleading in the light most favorable to the non-moving party and resolve all doubts in the non-moving party's favor." First Hawaiian Bank v. Manley, 2007 Guam 2 ¶ 9.

New York and other states recognize pass through claims and the agreements that create the claims, 'liquidating agreements.' As one court in New York stated, "liquidating agreements are commonly employed in the New York construction industry as a means to apportion liability among owners, general contractors, and subcontractors, among whom such efforts are otherwise hindered by a lack of privity." Morse/Diesel, Inc. v. Trinity Indus., Inc., 875 F Supp 165 (S.D.N.Y. 1994) *rev'd on other grounds by* Morse/Diesel, Inc. v. Trinity Indus., Inc., 67 F.3d 435 (2d Cir. 1995).

While Plaintiff and DCK entered into a 'Severin Agreement,' the authorities that discuss pass through claims also use the phrase 'liquidating agreement.' Such an agreement is constituted where "(1) the contractor acknowledges its liability to the subcontractor, thereby providing the general contractor with a basis for legal action against the owner; (2) the general contractor's liability is liquidated to the extent of its recovery against the owner; and (3) the general contractor agrees to pass its recovery to the subcontractor." Bovis Lend Lease LMB v. GCT Venture, 285 A.D. 2d 68, 70-71 (N.Y. App. Div. 2001).

All three requirements are satisfied by the Agreement here. First, DCK's liability is acknowledged by virtue of the Stipulated Arbitration Award entered into on June 29, 2017. DCK acknowledges its liability to IMCO in the amount of $1,681,392.00. T. Pike Decl. Ex. B at 1 (July 25, 2017). This amount, similar to establishing the amount for the mechanic's lien, provides DCK a basis for action against GRMC, and DCK and IMCO both acknowledge DCK's liability to the amount of the award. Finally, the parties expressly agree that the recovery will pass through to Plaintiff by virtue of the 'Severin Agreement.'

As the Court finds the requirements for the liquidation agreement are met, the Court agrees with Plaintiff that Plaintiff is not pursuing DCK's claims against GRMC. Rather, Plaintiff is pursuing a claim, liquidated and acknowledged by DCK in the agreement, through DCK against GRMC. This is not a separate claim alleging GRMC's breach of the CM Agreement with DCK, rather the claim is for the liquidated amount of damages suffered by Plaintiff directly against GRMC. The pass through claim uses DCK to bridge the gap between the Plaintiff and GRMC. Without the pass through, GRMC would be shielded from liability from the Plaintiff in this action due to a lack of privity. Thus Plaintiff would need to prevail against DCK, the prime contractor, and then DCK would have to initiate a second action against GRMC. The lack of privity and harsh result is bridged by DCK passing through the claim, thus eliminating the need for a second action.

The Court finds that under the 12(b)(6) standard, for a pass through claim, all that need be plead are facts that put GRMC notice of the claims against it, the Court need not address the merits of the claim. Here the liquidation agreement is attached as Exhibit E to the Proposed Amended Complaint and gives sufficient notice of Plaintiff's claim that DCK is passing through to GRMC for Plaintiff to pursue directly against GRMC. Thus Plaintiff is alleging that GRMC is liable to Plaintiff to the extent of the Stipulated Arbitration Award. The Court finds GRMC is on notice of the pass-through claim by virtue of the language in the Proposed Amended Complaint and the 'Severin Agreement' attached to the Proposed Amended Complaint. Therefore, the Court finds the amendment would not be futile.

## CONCLUSION

Thus by a preponderance of the evidence and for the reasons stated herein, the Court hereby **GRANTS** Plaintiff's motion to Lift Stay and For Leave to Amend Complaint. The Court **ORDERS** the following:

1. The stay entered in the Courts July 1, 2016 Decision and Order is hereby lifted as of the date of this Decision and Order.

2. The Court hereby **GRANTS** Plaintiff leave to add the amount of the Stipulated Arbitration Award.

3. The Court hereby **GRANTS** Plaintiff leave to add the Pass Through Claim to the Complaint.

A **Status Hearing** is set for _____ March 1, 2018 ___ at _____ 9a.m. _____.

FEB 0 5 2018

SO ORDERED _____.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
Civil ___ Arriola
Cowan Calvo law
Date: 2/5/18 Time: 2:50 pm
Jehmie K.C. James
Deputy Clerk, Superior Court of Guam